JACK SUPINGER
9300 HALLENOAK LANE
ORANGEVALE, CA  95662
916-595-2743



FILED

MAY 0 3 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## UNITED STATES DISCTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jack Supinger | Case No: |
| Plaintiff, | 2:16-CV-0933 MCE KJN PS |
| v. | PLAINTIFF'S VERIFIED COMPLAINT |
| CONSUMER PORTFOLIO SERVICES INC. | DEMAND FOR TRIAL BY JURY |
| Defendant | |

## VERIFIED COMPLAINT

Plaintiff, Jack Supinger, individually, hereby sues Defendant, CONSUMER PORTFOLIO SERVICES INC. for violations of the Fair Credit Reporting Act (FCRA), the Fair Debt Collection Practices Act(FDCPA), and the Rosenthal Fair Debt Collection Practices Act(RFDCPA/California Civil Code).

## NATURE OF CASE

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Fair Credit Reporting Act (FCRA), the Fair Debt Collection Practices Act (FDCPA), and the Rosenthal Fair Debt Collection Practices Act (RFDCPA). Defendant's violation of the FCRA caused Defendant to violate the FDCPA, which caused Defendant to violate the RFDCPA.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread and common actions of the Defendant.

1

3. Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff, and unlawfully pulling Plaintiffs credit report, and interfering with Plaintiff's privacy rights.

4. Plaintiff seeks to recover monetary damages for Defendants violation of the FCRA, the FDCPA, and the RFDCPA, and to have an Order of injunction issued by this Court preventing Defendants from continuing its unlawful behaviors.

## JURISDICTION

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and California Civil Code § 1788.30(f),

## VENUE

6. Venue is proper pursuant to 28 U.S.C. § 1391(b), Plaintiff resides within this district, and the events complained of took place within this district, and Defendant does business within this district.

## PARTIES

7. Plaintiff is a natural person who is a resident within this district and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), as well as 15 U.S.C. § 1681a(c).

8. Plaintiff is a "debtor" as defined by California Civil Code 1788.2(h), "RFDCPA"

9. Upon information and belief, Defendant is a California based corporation.

10. Defendant is a "furnisher of information" as defined by the FCRA 15 U.S.C. § 1681s-2.

11. Defendant is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6), and regularly collects or attempts to collect debts owed to or alleged to be owed to others.

12. Defendant is a "debt collector" as defined by California Civil Code 1788.2(c), "RFDCPA", and regularly collects or attempts to collect debts owed to or alleged to be owed to others.

## FACTUAL ALLEGATIONS

13. Defendant pulled Plaintiff's credit report on 3 separate occasions from Experian, the credit-reporting agency, interfering with Plaintiffs privacy rights. One pull was made on 05/04/2015, and two pulls were made on 10/13/2014, in violation of the FCRA.

14. Plaintiff contacted Defendant on 2 separate occasions to inquire as to why the pulls were made. Defendant admitted both times that it had no information regarding the credit pulls, nor did it have any information regarding Plaintiff in it's records or possession.

15. Plaintiff has never had a relationship with Defendant.

16. Defendant was aware that no relationship existed with Plaintiff.

17. Plaintiff owes Defendant no debt.

18. Plaintiff has no contractual agreement with Defendant.

19. Defendant unlawfully certified to Experian the national credit-reporting agency, that it had permissible purpose to pull Plaintiff's credit report in violation of the FCRA on 3 separate occasions.

20. Defendant should have known that it had no permissible purpose to pull Plaintiff's credit report.

21. Plaintiff was not involved in any transaction with Defendant.

22. At no time applicable to this complaint did plaintiff have with any defendant one of the relationships enumerated under FCRA § 604, at 15 U.S.C. § 1681b(a)(3).

23. At no time applicable to this complaint did Defendant receive the written instructions of the Plaintiff to request his consumer report under 15 U.S.C. § 1681b(a)(2).

24. No court of competent jurisdiction has ever ordered the consumer reports of Plaintiff be furnished to any Defendant.

25. No federal grand jury has ever issued a subpoena for the consumer reports of Plaintiff to be furnished to any Defendant.

26. No child support enforcement agency has ever requested the credit reports of Plaintiff be furnished to any Defendant.

27. The Defendant 'certified' to the credit bureau from which it obtains consumer reports (Experian) the purposes for which the information is being sought and that the information would be used for no other purpose.

28. Defendant and its employees are prohibited from obtaining a consumer report under false pretenses, pursuant to FCRA § 619, codified at 15 U.S.C. § 1681q.

29. Defendant is required to establish reasonable procedures that would prevent its facilities from being used to obtain a consumer report under

false pretenses and as specifically authorized, pursuant to FCRA § 604, codified at 15 U.S.C. § 1681b(f).

30. Defendant failed to establish procedures that would prevent its facilities from being used to obtain a consumer report under false pretenses and as specifically authorized, pursuant to FCRA § 604, codified at 15 U.S.C. § 1681b(f).

31. Reasonable procedures for users of consumer reports include prohibiting access to the consumer report of any consumer, except when that consumer's Social Security Number matches the one on the application.

32. Reasonable procedures for users of consumer reports include prohibiting access to the consumer report of any consumer, except when that consumer's name matches the one on the application.

33. The Defendant willfully obtained the information contained in plaintiff's consumer report under false pretenses and for a purpose other than one of the specifically enumerated purposes.

34. Plaintiff has no contractual agreement with Defendant; It would be impossible for a permissible purpose to exist. Defendant willingly made false certification in order to pull Plaintiff's credit report.

35. By violating the FCRA, the Defendant also violated the FDCPA and RFDCPA.

# COUNT 1
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 USC 1681b(f), & 15 USC 1681q BY DEFENDANT

36. On October 13, 2014, Defendant accessed Plaintiff's consumer report via Experian, the national credit-reporting agency, in willful and/or negligent violation of (FCRA) 15 USC § 1681b(f), and 15 USC § 1681q.

37. On October 13, 2014, Defendant accessed Plaintiff's consumer report a 2nd time in willful and/or negligent violation of (FCRA) 15 USC § 1681b(f), and 15 USC § 1681q.

38. On May 4, 2015, Defendant accessed Plaintiff's consumer report a 3rd time in willful and/or negligent violation of (FCRA) 15 USC § 1681b(f), and 15 USC § 1681q.

39. **15 USC § 1681b(f)** *Certain use or obtaining of information prohibited.* A person shall not use or obtain a consumer report for any purpose unless

   a. (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
   b. (2) the purpose is certified in accordance with section 607 [§ 1681e] by a prospective user of the report through a general or specific certification.

40. **15 U.S.C. § 1681q** Obtaining information under false pretenses Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than 2 years, or both.

41. **WHEREFORE,** the Plaintiff demands judgment in his favor against Defendant as follows:

a. Pursuant to 15 U.S.C. § 1681n(a) (1) (B), statutory damages of $1,000 for each access of his credit report obtained in violation of the FCRA;

6

b.  Pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive damages as the Court deems appropriate;

c.  Pursuant to 15 U.S.C. § 1681n(a) (3), attorney's fees and costs of the action.

Any further relief this Court deems necessary, and actual damages as they may bear.

## COUNT 2
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 USC § 1692e(10) BY DEFENDANT

42. Plaintiff incorporates the preceding paragraphs.

43. Defendant knowingly obtained Plaintiff's credit report without a permissible purpose.

44. **15 USC § 1692e**: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
**(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

45. Defendant violated **15 USC § 1692e(10)** by using false representations or deceptive means to obtain information concerning a consumer.

46. A permissible purpose has never existed to pull Plaintiff's credit report.

47. Defendant knew or should have known a permissible purpose did not exist; therefore Defendant's unlawful conduct was intentional.

**WHEREFORE**, the Plaintiff, demands that this Court enter judgment in his favor against Defendant as follows:

a.  Pursuant to 15 U.S.C. § 1692k, award him statutory damages of $1,000, and any further relief this court deems necessary.

b.  Punitive damages, attorney's fees and costs of this action, and actual damages as they may bear.

7

## COUNT 3
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 USC § 1692f(1) BY DEFENDANT

48. Plaintiff incorporates the preceding paragraphs.

49. Defendant knowingly obtained Plaintiff's credit report without a permissible purpose.

50. **15 USC § 1692f:** A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
    **(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

51. Defendant violated **15 USC § 1692f(1)** by using unfair or unconscionable means to pull Plaintiff's credit report. Experian will only release a consumer's credit report when the requester "certifies" that it has a permissible purpose in requesting such information.

52. Plaintiff does not have and has never had an account with Defendant. A permissible purpose does not exist to pull Plaintiff's credit report.

53. Defendant knew or should have known a permissible purpose did not exist; therefore Defendant's unlawful conduct was intentional.

**WHEREFORE**, the Plaintiff, demands that this Court enter judgment in Plaintiff's favor against Defendant as follows:

a. Pursuant to 15 U.S.C. § 1692k, award him statutory damages of $1,000, and any further relief this court deems necessary.

b. Punitive damages, attorney's fees and costs of this action, and actual damages as they may bear.

8

## COUNT 4
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA/California Civil Code) § 1788.17 BY DEFENDANT

54. The ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT § 1788.17: Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

55. By violating FDCPA 15 USC § 1692e(10) & 15 USC § 1692f(1), Defendant violated the ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT § 1788.17, which requires strict compliance with the FDCPA.

**WHEREFORE**, the Plaintiff, demands that this Court enter judgment in his favor against Defendant as follows:

a. Pursuant to California Civil Code/RFDCPA. § 1788.30(b), award Plaintiff statutory damages of $1,000, and any further relief this court deems necessary.

b. Punitive damages, attorney's fees and costs of this action, and actual damages as they may bear.

## TRIAL BY JURY

Plaintiff requires a trial by jury.

Respectfully,

_(signature)_                     Date: 5-2-2016

Jack Supinger

SEE ATTACHED
Notarial Certificate

# California Acknowledgment Form

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Sacramento } ss.

On May 2, 2016 before me, Dolores R Lyons (Notary)
(here insert name and title of the officer)
personally appeared Jack Suppinger

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Seal

WITNESS my hand and official seal.

DOLORES R. LYONS
COMM. # 2117335
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
MY COMM. EXP. JULY 24, 2019

Signature of Notary

———— Optional Information ————

To help prevent fraud, it is recommended that you provide information about the attached document below...
***This is not required under California State notary public law.***

Document Title:_____ # of Pages:_____

Notes